948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy CHERRY, Defendant-Appellant.
 No. 91-6091.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1991.
Decided Nov. 18, 1991.
 
 On Petition for Rehearing.
 Troy Cherry, appellant pro se.
 Debra Sue Straus, Assistant United States Attorney, Alexandria, Va., Robert W. Jaspen, Assistant United States Attorney, Richmond, Va., for appellee.
 [ON REHEARING OF 943 F.2D 50].
 REMANDED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Troy Cherry petitioned for rehearing after his appeal was dismissed as untimely filed. The basis for the petition is Cherry's claim that he filed a motion for an extension of time based on excusable neglect. He argues that the motion should be considered timely because it was filed before a deadline stated in a notice sent by this Court. The motion, however, was filed more than ninety days after the final judgment, after the appeal and extension period had run. The notice from this Court was sent after the appeal and extension period had run and Cherry thus could not have relied on it to file in a timely fashion. Further, the Court cannot extend the time to file a notice of appeal. Fed.R.App.P. 26(b).
 
 
 2
 It appears, however, that Cherry's notice of appeal itself may be timely. The notice was received in the district court seven days after expiration of the appeal period. Under Houston v. Lack, 487 U.S. 266 (1988), the notice is considered filed as of the date Appellant delivered it to prison officials for forwarding to the Court. The record does not reveal when Appellant delivered the notice of appeal for mailing to the Court. Accordingly, we remand the case for the district court to obtain this information from the parties and determine the date of filing under Houston v. Lack. The record, as supplemented, will then be returned to this Court for further consideration.
 
 
 3
 REMANDED.